IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JADE GRAY,
on behalf of herself and all others
similarly situated,

      Plaintiff,                Civil Action No.:

v.                           CLASS ACTION

TARGET CORPORATION,

                                JURY TRIAL DEMANDED
      Defendant.
_____/

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, JADE GRAY, by and through her undersigned attorneys, brings this Class Action Complaint against the Defendant, TARGET CORPORATION (hereafter referred to as "Target") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this suit individually and on behalf of all other persons or entities in the state of Florida who used a debit or credit card at a Target store from November 27, 2013 through December 15, 2013 and whose personally identifiable information (referred to herein as PII) was stolen from software installed on machines used by Target customers to swipe the magnetic stripe on their debit or credit cards to pay for merchandise at Target stores.

### PARTIES

2. Plaintiff, JADE GRAY is a Florida resident.

3. Defendant, TARGET CORPORATION, is a Minnesota corporation with its headquarters located in Minneapolis, Minnesota.

### JURISDICTION AND VENUE

1

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendant.

5. Venue is proper pursuant to 28 U.S.C. §1391 in that Plaintiff resides in this District; many of the acts and transactions giving rise to this action occurred in this District; Defendant is authorized to conduct business in this District, has intentionally availed itself of the laws and markets within this District through distribution and sale of its products in this District, does substantial business in this District, and is subject to personal jurisdiction in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Target is the second largest discount retailer in the United States. It is ranked 36th on the Fortune 500 list of top U.S. companies by gross revenue. Target operates approximately 1,800 stores throughout the United States. There are approximately 125 Target stores located in the state of Florida and a number of them are in this District..

7. Between November 27, 2013 and December 15, 2013, Target was subject to a security breach in which PII of over 40 million customers was stolen.

8. The PII stolen was stored on the magnetic stripe on the backs of debit and credit cards used by Target customers to pay for purchases in Target stores.

9. Upon information and belief, news of the security breach was first reported on December 18, 2013 by former Washington Post reporter and computer security expert Brian Krebs on his website http://krebsonsecurity.com.

10. Customer names, credit or debit card numbers, card expiration dates, and three-digit CVV security codes were among the PII stolen.

11. According to Krebs, the type of PII stolen, known as Track Data, allows the recipients of stolen data to create counterfeit cards by encoding the information onto any card with a magnetic stripe.

12. PIN numbers used for debit card purchases have been intercepted. As a result, it is possible that the recipients of the stolen data will be able to reproduce stolen debit cards and use them to withdraw cash at ATM machines or use them as occurred to Plaintiff here, in consumer transactions.

13. The breach was caused by Target's negligence in connection with Target's protection of the PII it obtains from its customers and failure to adequately protect the privacy of its customer's PII.

14. On December 19, 2013, Target posted a statement about the security breach on its corporate website, https://corporate.target.com/, in which it confirmed the unauthorized access to its customers' debit and credit accounts and that the information stolen included customer names, credit and debit card numbers, expiration dates and CVV codes.

15. Upon information and belief, on December 20, 2013, Target posted an announcement on its retail website, www.target.com, stating that there was unauthorized access to Target payment card data between November 27, 2013 and December 15, 2013.

16. To date, Target has not directly notified affected customers about the security breach, nor has it taken any steps to protect its customers from continued damage as a result of the breach.

17. As a result of Target's failures to adequately safeguard its customers' PII and adequately and timely notify its customers of the security breach, Class members remain at great risk of continued harm.

## PLAINTIFF'S FACTUAL ALLEGATIONS

18. On or about December 3, 2013, Plaintiff, Jade Gray, purchased goods in a Target store located in Broward County, Florida. She used her debit card to tender payment for her purchase. In connection with her purchase transaction, Plaintiff swiped the magnetic stripe of her card in a machine located near the cash register and used her pin number.

19. Upon information and belief, Plaintiff's PII contained in the magnetic stripe of her debit card was stolen.

20. As a result of the theft of Plaintiff's PII, to date, $700.00 has been stolen from her bank account.

## CLASS ACTION ALLEGATIONS

21. Pursuant to Rule 23(a), 23(b)(2) and 23(b)(3) of the Federal Rule of Civil Procedure, Plaintiff brings this action on her own behalf and on behalf all other persons or entities in the state of Florida who used a debit or credit card at a Target store from November 27, 2013 through December 15, 2013 and whose personally identifiable information (referred to herein as PII) was stolen from software installed on a machine used to swipe the magnetic stripe on their debit or credit card to pay for merchandise at a Target store.

22. The members of the Class are so numerous that joinder of all members is impracticable. It is estimated that the security breach at issue affects over 40 million customer accounts. The disposition of Class members' claims through a class action will benefit both the parties and this Court.

## COMMON QUESTIONS OF LAW AND FACT

23. There is a well-defined community of interest in the questions of law and fact affecting the members of the Class.

24. The questions of law and fact common to the Class predominate over questions which may affect individual members, and include but are not limited to the following:

    a. Whether Target breached a duty in failing to safeguard Class members' PII;

    b. Whether Target violated industry standards regarding the safeguarding of Class members' PII;

    c. Whether Target failed to adequately and timely notify Class members of the security breach as soon as practical after the breach was discovered;

    d. Whether Target's conduct was unfair, deceptive and unconscionable;

    e. Whether Class members have been damaged and the proper measure of such damages; and

    f. Whether Class members are entitled to injunctive relief to protect them from continued damage as a result of the breach.

## TYPICALITY

25. The claims and defenses of Jade Gray as the representative Plaintiff are typical of the claims and defenses of the Class because Plaintiff and the Class members all used a debit or credit card at a Target store from November 27, 2013 through December 15, 2013 and had their PII stolen from software installed on a machine used to swipe the magnetic stripe on their debit or credit card to pay for merchandise at a Target store.

## ADEQUACY OF REPRESENTATION

26. Jade Gray, as the representative Plaintiff, will fairly and adequately assert and protect the interests of the Class as:

      a.      Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and

      b.      Plaintiff has no conflict of interest that will interfere with the maintenance of this class action.

## PREDOMINANCE

27.    Questions common to the Class predominate over those which only affect individual Class members. This case involves a security breach of data provided by Class members to Target which occurred during the period of November 27, 2013 to December 15, 2013. The conduct of Class members did not contribute to the security breach. Only the conduct of Target in failing to adequately safeguard the security of its customers' PII and to timely and adequately notify its customers about the breach is at issue. Liability will primarily be predicated upon common proof that Target failed to adequately protect its customers' PII.

## SUPERIORITY

28.    A class action provides a fair and efficient method for the adjudication of controversy for the following reasons:

      a.      The common questions of law and fact set forth above predominate over any questions affecting only individual Class members;

      b.      The Class is so numerous as to make joinder impracticable. The Class, however, is not so numerous as to create manageability problems. There are no unusual legal or factual issues which would create manageability problems;

      c.      Prosecution of a separate action by individual members of the Class would create a risk of inconsistent and varying adjudications against Target when confronted with incompatible standards of conduct;

      d.     A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

29. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein, and further states:

30. By accepting tender of Plaintiff's and Class members' debit and credit cards and obtaining the PII contained in the magnetic stripes of their cards, Target had a duty to exercise reasonable care in safeguarding the privacy of their PII to prevent the unauthorized access of their PII.

31. In addition, Target had a duty to timely disclose the security breach and notify Plaintiff and Class Members' that their PII had been stolen.

32. Target, by failing to adequately safeguard the privacy of Plaintiff's and Class member's PII and to timely and adequately notify them of the security breach, breached its duty to Plaintiff and the Class.

33. As a result of the above, Plaintiff and Class members have suffered damages and continue to be at serious risk of further harm from, among other things the unauthorized use of their credit and debit cards, and the further threats to the theft or unauthorized access to the PII in the hands of Defendant as Defendant has demonstrated an inability to safeguard their PII .

## COUNT II – FDUTPA

34. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein, and further states:

35. The Florida Unfair and Deceptive Trade Practices Act (hereinafter "FUDTPA") is expressly intended to protect "consumers" like Plaintiff and Class Members from unfair or deceptive trade practices.

36. Plaintiff and Class Members have a vested interest in the privacy, security and integrity of their PII, therefore, this interest is a "thing of value" as contemplated by FUDTPA.

37. Target is a "person" within the meaning of the FUDTPA and, at all pertinent times, was subject to the requirements and proscriptions of the FUDTPA with respect to all of their business and trade practices described herein.

38. Plaintiff and Class Members are "consumers" "likely to be damaged" by Target's ongoing deceptive trade practices.

39. Target engaged in unfair and deceptive trade practices when it accepted its customers' PII and failed to adequately safeguard it.

40. Target violated FUDTPA by failing to properly implement adequate, commercially reasonable security measures to protect consumers' sensitive PII.

41. Target also violated FUDTPA by failing to immediately notify affected Plaintiff and Class Members of the nature and extent of the data breach.

42. Plaintiff and Class Members have suffered ascertainable losses as a direct result of Defendant's employment of unconscionable acts or practices, and unfair or deceptive acts or practices.

43. Under FDUPTA, Plaintiff and the Class are entitled to preliminary and permanent injunctive relief without proof of monetary damage, loss of profits, or intent to deceive. Plaintiff and the Class seek equitable relief and to enjoin Defendant on terms that the Court considers appropriate.

44. Defendant's conduct caused and continues to cause substantial injury to Plaintiff and Class Members. Unless preliminary and permanent injunctive relief is granted, Plaintiff and the Class will suffer harm, Plaintiff and the Class Members do not have an adequate remedy at law, and the balance of the equities weighs in favor of Plaintiff and the Class.

45. At all material times, Defendant's deceptive trade practices are willful within the meaning of FUDTPA and, accordingly, Plaintiff and the Class are entitled to an award of attorneys' fees, costs and other recoverable expenses of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment against Defendant as follows:

a. Finding that Defendant breached its duty to safeguard and protect Plaintiff's and Class Members' PII;

b. For an award of equitable relief as follows:

c. As the threat of further unauthorized access to their PII continues, an injunction requiring Defendant to adequately safeguard Plaintiff's and Class Members' PII,

d. Enjoining Defendant from using the information now in its possession ;

e. Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the wrongful conduct described in this Complaint;

f. Requiring Defendant to disgorge all ill-gotten gains flowing from the wrongful conduct described in this Complaint;

g. Requiring Defendant to engage in a correct notice campaign;

h. For an award of attorney's fees and costs;

i. For an award of damages to be determined at trial; and

j.     For any further legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

>
> Respectfully submitted,
>
> /s/ John A. Yanchunis
> JOHN A. YANCHUNIS
> Florida Bar No. 324681
> TAMRA GIVENS, ESQUIRE
> Florida Bar No. 657638
> MORGAN & MORGAN COMPLEX LITIGATION GROUP
> 201 North Franklin Street
> 7th Floor
> Tampa, Florida  33602
> Telephone:  (813) 223-5505
> Facsimile:  (813) 223-5402
> Email: jyanchunis@forthepeople.com
>          tgivens@forthepeople.com